### PRESTON v. HAWLEY.

*(Supreme Court, General Term, Third Department. July 2, 1892.)*

USE AND OCCUPATION—EVIDENCE.

   In an action for use and occupation, the court held that the use of a factory by a vendor, by permission of the vendee, for the storage of certain goods, and the employment of a person to watch the goods, was not sufficient evidence of exclusive occupation to render the vendor liable for rent of the entire premises. *Held,* that the fact that the watchman had a key to the premises in question, developed on a new trial of the action, did not materially change the facts, and that plaintiff was properly nonsuited.

Appeal from circuit court, Ulster county.

Action by George C. Preston against Samuel R. Hawley to recover rent for a factory which plaintiff had purchased of defendant, but which defendant, by permission of plaintiff, used for the storage of certain goods, without any agreement as to time or compensation. At a former trial of the action, judgment was rendered for plaintiff, which was reversed on the ground that there was no sufficient evidence to show that defendant was in the actual

occupation of the entire factory; the only evidence of that fact being the storage of the goods there, and the employment of a person to watch them. From a judgment for defendant, plaintiff appeals.   Affirmed.

For former report, see 15 N. Y. Supp. 455.

Argued before MAYHAM, P. J., and PUTNAM and HERRICK, JJ.

*Preston & Chipp,* (*Howard Chipp, Jr.,* of counsel,) for appellant.   *George Wilcox,* (*F. L. Westbrook,* of counsel,) for respondent.

PER CURIAM.   The evidence in the case appears to be not substantially different from that given on the former trial and passed upon by the general term.   15 N. Y. Supp. 455.   There was some additional testimony given on the last trial, but none materially changing the facts as they appeared in the case submitted to the general term, as such facts are stated in the prevailing opinion.   That the man who watched the store had a key, as shown on the last trial, does not sufficiently change the facts as to justify a reversal of the judgment.   There is no evidence that plaintiff was excluded from the premises.   We think that Justice FURSMAN, at circuit, was correct in deeming that he was bound by the holding of the general term to grant the motion for a nonsuit, and that there should be an affirmance of the judgment, with costs.